UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| LINNIE TITTLE KING, administrator of the estate of Ezra King, deceased, Plaintiff, | ) ) ) ) ) |
| v. | ) Case No.: CV-01-HS-2608-J |
| R.J. REYNOLDS TOBACCO COMPANY; R.J.R. NABISCO, INC.; BROWN & WILLIAMSON TOBACCO CORPORATION; and PHILIP MORRIS, INC. | ) ) ) ) ) |

**ENTERED**

**OCT - 6 2004**

OPINION REGARDING DEFENDANT'S
MOTION FOR DISMISSAL

THIS MATTER is before the Court on a motion to dismiss filed by the Defendant, R.J. Reynolds Tobacco Company. Doc. 30. In her capacity as administrator of the estate of the late Ezra King, the Plaintiff, Linnie Tittle Kind, filed a wrongful-death action containing two substantive counts. In count II, the Plaintiff alleges that the Defendant is guilty of negligence or wanton misconduct in the way that it designed and manufactured its cigarettes. According to Count III, the Defendant breached an implied warranty that its product is merchantable.

Counsel for Plaintiff stated his belief that the Complaint sufficiently alleges that Defendant caused its cigarettes to become more dangerous, and/or failed to take steps to cause its cigarettes to be less dangerous. However, counsel offered to amend the Complaint to expressly state such allegations. Plaintiff was granted leave to make such amendment, and this opinion treats such amendment as having been permitted and made in open court.

The arguments made in the Defendant's motion are that (1) this action is implicitly

1

preempted by Federal law; (2) the Plaintiff cannot establish "causation in fact" because cigarettes are known to be potentially lethal; and (3) the health warning on cigarette packaging precludes a finding of wantonness. The court rejects all of these arguments, and will therefore deny the motion.

## I. BACKGROUND

On November 13, 2001, Judge Johnson granted the Defendant's motion to stay these proceedings until the Eleventh Circuit Court of Appeals had ruled on an appeal raising issues directly relevant to the case at bar. Doc. 11. That appeal was decided on March 29, 2004. See Spain v. Brown & Williamson Tobacco Corp., 363 F.3d 1183 (11th Cir. 2004). On June 2, 2004, with the Defendant's consent and leave from Judge Coogler, the Plaintiff filed a first amended complaint designed to conform with Spain. Doc. 25. The motion to dismiss was filed on July 26, 2004.

## II. DISCUSSION

A.   *Standard of Review*

The Defendant invokes Rule 12(b)(6), which calls for the dismissal of a complaint if it "fail[s] to state a claim upon which relief can be granted." F.R.Civ.P. 12(b)(6). For purposes of this rule, courts must "presume the facts recited in the complaint are true and construe them in the light most favorable to the plaintiff." Iraola & Cia v. Kimberly-Clark Corp., 325 F.3d 1274, 1279 (11th Cir. 2003). "Dismissal . . . is appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." Rendon v. Valleycrest Productions, 294 F.3d 1279, 1282 (11th Cir. 2002) (citation & quotation mark omitted).


B.   *Analysis - Preemption*

The Eleventh Circuit held that the claims at issue here are not preempted by Federal law. See

2

Spain, 363 F.3d at 1196-99. In so holding, the court limited itself to consideration of section 5 of the Federal Cigarette Labeling and Advertising Act, which states:

> No requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promotion of any cigarettes the packages of which are [lawfully] labeled . . . .

Id. at 1191 (quoting 15 U.S.C. § 1334(b); alteration added by the court).

The Defendant characterizes this as a form of "express" preemption analysis, and asserts that it leaves open the possibility that the claims are implicitly preempted. *See* Defendant's Brief, at 23, n.14. "Allowing a state to find tortious activities which Congress intended to remain legal," the Defendant reasons, "creates an obvious and irreconcilable conflict giving rise to implied preemption." Defendant's Brief, at 24.

The court agrees with the Defendant that this conflict is "obvious." For that very reason, however, the court is confident that Spain was also well aware of it. Compare FDA v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 133-43 (2000) (In this case, upon which the Defendant relies heavily, the Court ruled that Congress did not delegate to the FDA regulatory authority over cigarettes, based in part on the rationale that any such delegation would inevitably have resulted in the banning of that product.). In spite of this presumed awareness, the Eleventh Circuit engaged in a rather painstaking analysis as to whether each of the individual tort claims was expressly preempted. *See*, e.g., Spain, 363 F.3d at 1197 (" . . . we are unable to say that Alabama law imposes on a manufacturer a duty to warn, the breach of which may result in liability for negligent and wanton design and manufacture. And that means Spain's negligent and wanton design and manufacture claims are not preempted by the federal Labeling Act.").

In the court's view, Spain's inquiry regarding the preemptive effect of section 5 implicitly

3

assumes that all tort claims are *not* preempted by virtue of the fact that Congress regulates (rather than bans) the manufacture of cigarettes. The court is not bound by that assumption. See, e.g., United States v. L.A. Tucker Truck Lines, 344 U.S. 33, 38 (1952); Getty Petroleum Corp. v. Bartco Petroleum Corp., 858 F.2d 103, 113 (2d Cir. 1988). But it will nevertheless defer to it. See United States v. Torniero, 570 F.Supp. 721, 726 (D. Conn. 1983), aff'd, 735 F.2d 725 (2d Cir. 1984) (rejecting the prosecution's argument for abolition of the insanity defense because "superior federal courts" have "implicitly assumed" the availability of that defense, and a "district court should not . . . effect the sort of profound alteration . . . the Government proposes"); cf. United States v. Blue, 384 U.S. 251, 255 (1966) (declining to take the "drastic step" of barring "altogether" a criminal prosecution because of "illegally obtained evidence," noting that the Court's "numerous precedents ordering the exclusion of such . . . evidence" implicitly assume that prosecution is not barred); In re McDonald, 205 F.3d 606, 612-13 (3d Cir. 2000) (Adherence by lower courts to *dicta* of the Supreme Court promotes the "evenhanded administration of justice," since this *dicta* indicate the likely "outcome" were the case decided by the Court. (citation omitted)).

Because the Defendant's implicit-preemption argument is fundamentally at odds with the decision of the Eleventh Circuit in Spain, the court rejects it.[1]

---

[1] The Defendant filed a reply brief in which it asserts that Rose v. General Motors Corp., 323 F.Supp.2d 1244 (N.D. Ala. 2004) also "require[s] dismissal of the implied warranty claims." Reply Brief (Doc. 40) at 3 n.2. In that case, Judge Guin ruled that a consumer's claim for breach of an implied warranty of merchantability cannot be asserted against a manufacturer. Rose, 323 F.Supp. 2d at 1248.
   Rose is contrary to both the text of Ala. Code § 7-2-318, and the Alabama Supreme Court's construction of that statute. *See* Rose, 323 F.Supp.2d at 1246-47 (quoting Bishop v. Faroy Sales, 336 So.2d 1340, 1343 (Ala. 1976)). Moreover, the suggestion in Rose that Bishop was implicitly overruled by Ex parte General Motors Corp., 769 So.2d 903 (Ala. 1999), is unpersuasive: Rose acknowledges that General Motors discussed neither Bishop nor the statute, *see* Rose, 323 F.Supp.2d at 1247 n.2, and the statements in General Motors which contradict

4

C.   *Analysis - Causation in Fact*

The Plaintiff's claims are subject to statutory limitations periods of two, four, or six years. See Spain, 363 F.3d at 1188; Defendant's Brief at 6 n.5. Ezra King started smoking back in 1939. First Amended Complaint at ¶ 6. The date he became addicted to nicotine triggered the limitations period as to these claims. Spain, 363 F.3d at 1188. Thus the only claims which are not time-barred are those alleging damages from cigarette purchases made by Ezra King as little as two, and not more than six years before his death. Id. at 1189-90.

Ezra King died in September of 1999. First Amended Complaint at ¶ 9. Doc. 25. Accordingly, the Plaintiff's claims can reach back no earlier than September of 1993, by which time the harmful effects of cigarettes were well known:

> [T]he ordinary cigarette consumer, with access to knowledge common to the community, could not be unaware of the dangers of smoking at least as late as the 1990s, which is the relevant period in this case after due regard is given to operation of the statutes of limitations. He or she could not be unaware given the existence of the Surgeon General's warning dating back to 1965 and the extensive evidence of the dangers of smoking.

Spain, 363 F.3d at 1194.

The Defendant argues that Ezra King's "failure to take account of these commonly known health risks – *i.e.*, his failure to quit – breaks any causal link between" its own conduct and Ezra King's injury. Defendant's Brief, at 13-14.

As explained earlier, the complaint is deemed to have been amended to explicitly allege that the Defendant's cigarettes were unduly dangerous. This leaves open the possibility that the Plaintiff

---

Bishop are *dicta*. Finally, Rose is inconsistent with a holding in Spain v. Brown & Williamson, 363 F.3d 1183 (11th Cir. 2004). *See id.* at 1198 ("Spain's claim for breach of implied warranty of merchantability . . . may not be dismissed for failure to state a claim under Alabama law.").

5

will be able to establish that these cigarettes presented a significantly greater health risk than is commonly associated with cigarettes. Cf. Spain, 363 F.3d at 1201 ("The added danger incident to the alleged addition of carcinogens and other harmful ingredients would not have been well known to the ordinary cigarette consumer with access to knowledge common to the community.").

Even without this amendment, however, there is another flaw in the Defendant's argument. Spain held that under Alabama law, the obvious health risks of smoking meant that cigarettes are not "unreasonably dangerous." Spain, 363 F.3d at 1193-94. Because a product must be "unreasonably dangerous" for its user to successfully invoke the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), the Eleventh Circuit held that "Spain's AEMLD claims are foreclosed as a matter of Alabama law." Id. at 1194.

In response to one of several certified questions, the Alabama Supreme Court "instructed" the Eleventh Circuit "that Spain's negligence and wantonness claims are not subsumed by his AEMLD claims." Id. at 1196. The negligence and wantonness claims therefore could not be dismissed "purely on the basis that [Spain's] . . . AEMLD claims fail." Id. In essence, then, Spain held that negligence or wantonness claims against a tobacco company are not subject to dismissal solely because the toxicity of cigarettes is common knowledge.

This court is bound by that holding, regardless of the underlying reasoning. *See* generally In re Osborne, 76 F.3d 306, 309 (9th Cir. 1996) ("[T]he doctrine of *stare decisis* concerns the holdings of previous cases, not the rationales . . . ."). Because the Defendant's causation argument amounts to a direct challenge of a holding by the Eleventh Circuit, the court rejects it.

D. *Analysis - Wantonness*

In Toole v. Baxter Healthcare Corp., 235 F.3d 1307 (11th Cir. 2000), the court affirmed the

6

trial court's order vacating a jury award of punitive damages. Id. at 1317-18. Quoting Richards v. Michelin Tire Corp., 21 F.3d 1048, 1059 (11th Cir. 1994), Toole emphasized that "the issue of punitive damages should not go to the jury when a manufacturer takes steps to warn the plaintiff of the potential danger that injured him; such acts bar a finding of wantonness." Toole, 235 F.3d at 1317.

On the strength of Toole, the Defendant argues that the Plaintiff cannot prove wantonness here, since federal labeling requirements "include a warning about the precise injury – lung cancer – that Mr. King allegedly suffered." Defendant's Brief, at 20.

The court disagrees. Under Alabama law, an award of punitive damages based on wantonness requires proof by "clear and convincing evidence." Ex parte Gradford, 699 So.2d 149, 152 (Ala. 1997). To recover compensatory damages, on the other hand, wantonness need only be proved by a preponderance of the evidence. Id. at 153.

The court therefore construes Toole as holding that given the health warning provided by the defendant, the plaintiff could not make a *clear and convincing* showing of wantonness. See Toole v. McClintock, 999 F.2d 1430, 1435 (11th Cir. 1993) (In this earlier appeal, which Toole "II" reaffirmed, the court explicitly noted that to justify punitive damages, wantonness had to proved by "clear and convincing" evidence.) This leaves open the possibility that the Plaintiff can prevail under the less stringent preponderance standard, which governs her request for compensatory damages. See Richards, 21 F.3d at 1059 n.21 & accompanying text (agreeing that the defendant tire corporation's "compliance with both federal regulations and industry practices is some evidence of due care," but "declin[ing] . . . to hold that compliance with 49 C.F.R. § 571.119 precludes a finding of wantonness"); Kritser v. Beech Aircraft Corp., 479 F.2d 1089, 1097 (5th Cir. 1973) (In this case,

7

the Fifth Circuit concluded that the warnings issued by Beech Aircraft "absolved" it of liability under Texas law (which <u>Richards</u>, in favorably citing <u>Kritser</u>, characterized as "similar to Alabama law," <u>Richards</u>, 21 F.3d at 1059), but "*only for punitive*" damages, not for "compensatory damages." (emphasis added)).

For these reasons, the Defendant is wrong in asserting that <u>Toole</u> is "fully applicable" to the Plaintiff's "substantive claim of wantonness." <u>Defendant's Brief</u>, at 20 n.10. Nor is the court willing to extend <u>Toole</u> beyond the realm of punitive damages, particularly since the Supreme Court of Alabama has cautioned that "[t]he question of wantonness" is one which "must be determined by the facts and circumstances of each case." <u>Joseph v. Staggs</u>, 519 So.2d 952, 954 (Ala. 1988). The Defendant's request to dismiss the wantonness claim will therefore be denied. This ruling will be without prejudice to the Defendant's right to assert that <u>Toole</u> precludes an award of punitive damages.

### III. Conclusion

The Defendant's preemption and causation arguments fail because they are contrary to <u>Spain</u>. The court is unpersuaded that <u>Toole</u> mandates dismissal of the wantonness claim. An order has therefore entered denying the Defendant's motion to dismiss.

Dated: October _5_, 2004.

VIRGINIA EMERSON HOPKINS
UNITED STATES DISTRICT JUDGE